NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR SAROZA, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> LTD FINANCIAL SERVICES, L.P., <br><br> Defendant. | Civil Action No.: 16-6259 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Nestor Saroza's Motion for Class Certification. (ECF No. 33). Defendant LTD Financial Services, L.P. has submitted Opposition (ECF No. 36), to which Plaintiff has replied. (ECF No. 39). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's Motion for Class Certification.

## I.     BACKGROUND[1]

The Court presumes the parties are familiar with the factual background and the allegations asserted in Plaintiff's Complaint (ECF No. 1) based on the parties' own involvement in this case. Accordingly, the Court will set forth the relevant factual and procedural background.

---

[1] This background is derived from Plaintiff's Complaint (ECF No. 1 ("Compl.")) as well as the record submitted by all parties in support of their respective position with regards to class certification. (ECF Nos. 33, 36, 39).

On October 1, 2016, Plaintiff brought this action on behalf of himself and others similarly situated. (*See generally* Compl.). In his Complaint, Plaintiff alleges Defendant violated the Fair Debt Collection Practices Act ("FDCPA"). (Id.). In particular, Plaintiff, a consumer as defined by the FDCPA, received a debt collection "communication" from Defendant, a debt collector as defined by the FDCPA. (Compl. ¶¶ 14, 16, 21-23). The "communication," which was in the form of a letter, contained the following language: "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on Form 1099-C." (Compl. ¶ 25). According to Plaintiff, this letter violated the FDCPA because it "provided confusing and incorrect tax information." (Compl. ¶¶ 27-29, 32). As such, Plaintiff asserts that Defendant's conduct "impeded [his] ability to make a well-reasoned decision" as it pertained to the outstanding debt. (Compl. ¶¶ 37-38). Accordingly, Plaintiff brought this one count putative class action asserting violations of the FDCPA. (Compl. ¶¶ 43-57).

Defendant answered Plaintiff's Complaint and the parties proceeded through discovery. (ECF Nos. 7, 11, 19, 21, 23, 32). Discovery revealed that Defendant maintained detailed records of the various individuals who received a debt collection letter that contained the aforementioned language. (ECF No. 33-3 at Ex. C). Specifically, during discovery, Defendant identified 1,151 individuals who received a communication with identical IRS-related language. (Id.).

Accordingly, on July 13, 2018, with leave of Court, Plaintiff filed the subject Motion for Class Certification, pursuant to Rule 23 of the Federal Rules of Civil Procedure. (*See generally* ECF No. 33). Plaintiff argues that, based on the discovery in this case, he can meet all the Rule 23 requirements necessary to certify the Class. (*See generally* ECF No. 33-1 ("Pl. Mov. Br.")). Additionally, Plaintiff proposes the following Class Definition:

All consumers located in New Jersey that were sent a letter or notice by [Defendant] LTD FINANCIAL SERVICES, L.P., during the Class Period, similar to Exhibit A to the Complaint that included the language, "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on a Form 1099-C."

(Pl. Mov. Br. at 8). Plaintiff's proposed Class Period begins one year prior to the filing of this matter, *i.e.*, October 1, 2015. (Compl. ¶ 11). Finally, Plaintiff asks this Court to appoint him as Class Representative and his attorney as Class Counsel. (Pl. Mov. Br. at 12-14).


## II.    LEGAL STANDARD

"Class certification is proper only 'if the trial court is satisfied, after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008) (quoting *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). To meet the prerequisites of Rule 23, a plaintiff must establish both that the four requirements of Rule 23(a) have been met – those being numerosity, commonality, typicality, and adequacy – as well as that the pleading requirements of Rule 23(b)(1), (2), or (3) have been met. Fed. R. Civ. P. 23; *see also Hydrogen Peroxide*, 552 F.3d at 309 n.6.

In analyzing whether Rule 23's requirements have been met, "the district court must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *Hydrogen Peroxide*, 552 F.3d at 307. This is true even if the class certification inquiry overlaps with the merits of the causes of action. *Id.* Additionally, if there is any doubt as to whether the Rule 23 requirements have been met, certification should be denied, regardless of the area of substantive law. *Id.* at 321 (discussing the 2003 Amendments t Rule 23).

Rule 23(b)(3) requires a finding "that the questions of law or fact common to the class members predominate over any questions affecting only individual members [(predominance)], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [(superiority)]." Fed. R. Civ. P. 23(b)(3); *see also Hydrogen Peroxide*, 552 F.3d at 310. "Because the nature of the evidence that will suffice to resolve a question determines whether the question is common or individual, a district court must formulate some prediction as to how specific issues will play out [at trial] in order to determine whether common or individual issues predominate in a given case." *Hydrogen Peroxide*, 552 F.3d at 311 (citations and quotations omitted). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *Id.* (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001)). Therefore, in addition to the four requirements of Rule 23(a), Plaintiffs in this case bear the burden of establishing that common issues of fact and law predominate and that a class action is superior.

## III.   ANALYSIS

The Court finds that class certification is appropriate in this case, as the record shows that all the requisite elements for class certification have been met here. However, before the Court engages in the Rule 23 analysis, the Court first addresses Defendant's argument that the Class should not be certified because "Plaintiff's Class action claim cannot prevail on the merits." (ECF No. 36 ("Def. Opp. Br.") at 6-11). According to Defendant, "[t]he challenged language is not false, deceptive, or misleading on its face." (Id. at 6). Defendant goes on to note that the next sentence after the challenged language reads as follows: "You will receive a copy of the Form

4

1099-C *if* one is required to be filed with the IRS." (Id. at 7) (emphasis in original). Relying on 26 U.S.C. § 6050P, Defendant notes that the IRS requires debts that are settled in excess of $600 to be reported. (Id.). Hence, Defendant asserts that the statement is truthful and, therefore, Class Certification is inappropriate.

The Court disagrees with Defendant's argument. Consistent with Supreme Court precedent, this Court must perform a "rigorous analysis" to assure that Plaintiff has met the Rule 23 requirements for Class Certification. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). The Rule 23 analysis will often overlap with the actual merits of a plaintiff's case. *Id.* The Third Circuit has explained that the analysis of the merits is a "preliminary inquiry" rather than an ultimate determination of same. *Hydrogen Peroxide*, 552 F.3d at 317.

As Defendant is aware, this Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "[W]hile the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). Here, a reasonable finder of fact could find that Defendant's language would be confusing to the least sophisticated debtor. This is because nowhere within Defendant's letter is there mention of the $600 threshold that implicates reporting to the IRS. Thus, the least sophisticated debtor may be confused by the language and when he or she would be required to file a Form 1099-C with his or her annual tax return. Hence, Plaintiff's

allegations, as well as discovery in this case, support a plausible FDCPA violation claim. Accordingly, Defendant's "inability to prevail on the merits" argument is flawed.

The Court also notes that the bulk of Defendant's remaining arguments in opposition to Class Certification revolves around a theory that the 1,151 identified accounts are "individuals" and not "consumers." (*See generally* Def. Opp. Br. at 4-28). However, this argument is also does not prevail. Discovery indicates in this case that is likely that all 1,151 accounts identified are all consumer accounts. For example, Plaintiff's sixth interrogatory to Defendant asked Defendant to

> State the number of *CONSUMERS* located in New Jersey that were sent a letter or notice by [Defendant], during the CLASS PERIOD, similar to [that which was sent to Plaintiff and attached as] Exhibit A to [Plaintiff's] Complaint that included the language: "IRS requires certain amounts that are discharged as a result of the cancellation of debt to be reported on Form 1099-C."

(ECF No. 33-3 at Ex. C) (emphasis added). In response, Defendant identified 1,151 "individuals." Plaintiff's sixth interrogatory specially asked Defendant to identify New Jersey "consumers," as defined by the FDCPA. Accordingly, Defendant's response indicates that some, if not all, 1,151 individuals are consumers.

Additionally, as Plaintiff correctly notes, nothing within the record indicates that Defendant is in the business of collecting any non-consumer debts. (ECF No. 39 at 8). Indeed, nowhere within Defendant's responses to Plaintiff's interrogatories does Defendant explain that it collects non-consumer debts. (ECF No. 33-3 at Ex. C). Furthermore, none of Defendant's own submissions tend to show that Defendant is engaged in non-consumer debt collection. (*See generally* ECF No. 36). As a matter of fact, Defendant testified, in a previous Florida litigation (*see Baez v. LTD Financial Servs., L.P.*, 2016 U.S. Dist. LEXIS 74788 (M.D. Fla. June 8, 2016)),

6

that is has the information and capability of identifying consumer versus non-consumer accounts. (ECF No. 33-3 at Ex. B). Hence, the Court concludes that at least some, if not all, of 1,151 are consumer accounts. This conclusion is based on Defendant's response to Plaintiff's sixth interrogatory, its own representations in previous litigation, and the fact that it has not produced any evidence to contradict same.

### A. Numerosity

Rule 23(a)(1) provides that the proposed class must consist of members that are so "numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Notwithstanding, "'impracticability' does not mean 'impossibility.'" *In re Lucent Techs., Inc. Sec. Litig.* (*"Lucent I"*), 307 F. Supp. 2d 633, 640 (D.N.J. 2004). "To meet the numerosity requirement, class representatives must demonstrate only that 'common sense' suggests that it would be difficult or inconvenient to join all class members." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, (*"Prudential I"*), 962 F. Supp. 450, 510 (D.N.J. 1997) (citing *Lerch v. Citizens First Bancorp, Inc.*, 144 F.R.D. 247, 250 (D.N.J. 1992)), *aff'd*, 148 F.3d 283 (3d Cir. 1998) (*"Prudential II"*), *cert. denied*, 525 U.S. 1114 (1999).

When dealing with a large class, that numbers in the hundreds, joinder will be impracticable. *Id.* (quoting 1 Herbert Newberg & Alba Conte, Newberg on Class Actions ("Newberg") § 3.05, at 3-25) (stating that even a number less than one hundred will usually satisfy the numerosity requirement of Rule 23(a)(1)). Additionally, the Third Circuit has held that "generally if the named plaintiff demonstrates that the *potential number of plaintiff exceeds 40*, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir.

2001) (emphasis added). Here, joinder of all Class Members is impracticable because approximately 1,200 potential Class Members have been identified. Accordingly, Rule 23(a)(1) is satisfied.

## B. Commonality and Predominance

It is customary in Rule 23(b)(3) class actions for courts to jointly apply the Rule 23(a)(2) commonality requirement and the Rule 23(b)(3) predominance tests. *Prudential I*, 962 F. Supp. at 510 (citing 1 Newberg § 3.13, at 3-71). This approach has been approved by the Third Circuit. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004) ("the Rule 23(b)(3) predominance requirement, which is far more demanding, incorporates the Rule 23(a) commonality requirement . . . . Accordingly, we analyze the two factors together.") (internal citations omitted); *Georgine v. Amchem Prods.*, 83 F.3d 610, 626 (3d Cir. 1996).

Another prerequisite to a class action is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "This requirement is satisfied 'if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'" *Prudential I*, 962 F. Supp. at 510 (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (citation omitted)). Here, the commonality requirement is met because there are several common questions, including the following:

> a. Whether Defendant is a debt collector pursuant to the FDCPA;
> b. Whether Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.*; and
> c. Whether Defendant's letters sent to Plaintiff, and those similarly situated, contained false, misleading, and/or deceptive language.

For a class that is certified under Rule 23(b)(3), which is what Plaintiff is seeking here, the Court must find that these common questions predominate over individual issues. *Prudential I*, 962 F. Supp. at 510-11. "To evaluate predominance, the Court must determine whether the efficiencies gained by class resolution of the common issues are outweighed by individual issues presented for adjudication." *Id.* at 511 (citing 1 *Newberg* § 4.25, at 4-81 to 4-86). Courts have readily held that even a few common issues can satisfy this requirement where their resolution will significantly advance the litigation. *Id.* (gathering authority). For example, in cases where it is alleged that the defendant made similar misrepresentations, non-disclosures, or engaged in a common course of conduct, courts have found that said conduct satisfies the commonality and predominance requirements. *Id.* (gathering authority). Predominance has been found to not be met in cases that "required individualized proof of 'highly case-specific factual issues.'" *Elkins v. Equitable Life Ins. Co.*, 1998 U.S. Dist. LEXIS 1557, at *49 (M.D. Fla. Jan. 27, 1998) (quoting *Jackson v. Motel 6 Multipurpose*, 130 F.3d 999, 1004-05 (11th Cir. 1997) (involving whether Motel 6 had a practice or policy of racial discrimination)). Hence, "predominance is satisfied when a legal claim is 'capable of proof at trial through evidence that is common to the class rather than individual to its members.'" *Martinez-Santiago v. Pub. Storage*, 312 F.R.D. 380, 389 (D.N.J. 2015).

Here, the predominance requirement is also satisfied. This is because there is no individualized fact-sensitive inquiry necessary for each Class Member, nor will there be any "highly case-specific factual issues." Rather, as noted above, the inquiry in this matter will be limited to whether the challenged language did in fact violate FDCPA and who received same, consistent with the proposed Class Definition. As such, the Court finds that there are no individual

inquiries necessary and the common issues in this matter outweigh the individual issues, which are non-existent. Hence, Plaintiff satisfies the predominance requirement.

## C. Typicality

Rule 23 requires also that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In essence, "the typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). "Typicality lies where there is a strong similarity of legal theories or where the claims of the class representatives and the class members arise from the same alleged course of conduct by the defendant." *Prudential I*, 962 F. Supp. at 518 (citations omitted). Hence, even where there may be factual differences between the claims of the class representatives and other class members, it does not rule out a finding of typicality. *Lucent I*, 307 F. Supp. 2d at 640 (citing *Prudential II*, 148 F.3d at 310).

The Court concludes that the typicality requirement of Rule 23 is also met in this case. This is because the legal theory that underlies Plaintiff's claims is typical of the claims asserted by the Class Members. Specifically, Plaintiff asserts that Defendant violated the FDCPA when it sent him a letter that contained the aforementioned challenged language because same was confusing and/or misleading to the least sophisticated debtor. This claim is identical to all the Class Members' claims. Hence, the common question relating to, as well as the common claim stemming from, said letters, which is typical to Plaintiff as well as the Class Members, is whether or not Defendant violated the FDCPA when it sent a collection letter that contained the challenged language. Indeed, there is an extremely similar, if not identical, legal theory underlying Plaintiff's

claims and those of the Class Members. Thus, the Court finds the typicality requirement of Rule 23 satisfied in this case.

### D. Adequacy of Representation

As for the adequacy of representation factor, Rule 23(a)(4) requires that "the representative parties [must] fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts look at two factors: "(1) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (2) the plaintiff must not have interests antagonistic to those of the class." *Prudential I*, 962 F. Supp. at 519. A party challenging the Class' representation has the burden to prove that the representation is not adequate. *Id.*

The aforementioned requirements have been met in this case. First, the Court notes that Class Counsel, Mr. Lawrence Hersh, Esq., is more than an adequate representative of the Class. This is clear based on Mr. Hersh's Certification submitted in support of this Motion. (*See* ECF No. 33-3). Therein, Class Counsel explains that he has been practicing law since 1988 and has worked for at least one well-known and prominent law firm. (Id. at ¶ 10). Class Counsel also lists a host of additional credentials, including the fact that he is a registered patent attorney. (Id. ¶ 12). Moreover, Class Counsel certifies that he is well versed in the field of FDCPA law, and has also been appointed as class counsel in two New Jersey FDCPA cases. (Id. ¶¶ 14-18) (citing *Nepomuceno v. Midland Credit Mgm't*, No. 14-5719 (D.N.J. June 13, 2016); *Shumaker v. Vengroff Williams, Inc.*, MID-L-5367-15 (N.J. Super. Ct. Law Div. 2015)). Finally, the named Plaintiff is an appropriate Class Representative, as he has no interest which is *antagonistic* to the rest of the Class Members and has expressed his willingness to represent them.

The Court rejects Defendant's arguments that both Plaintiff and Class Counsel are inadequate. (Def. Opp. Br. at 24-27). According to Defendant, Plaintiff is inadequate because "his FDCPA claims are not common or typical of the other putative 1,151 individuals." (Id. at 25). However, as explained above, the Court already rejected this argument and has found that Plaintiff's claims are in fact common and typical to those of the 1,151 individuals identified by Defendant. The Court also rejects Defendant's argument that "Plaintiff is not an adequate class representative because he will 'lack the same financial stake as the other members of the class' and 'have different incentives in terms of [*sic*] much time, energy, and money he is willing to spend.'" (Id.). Defendant makes this assertion without any citation to the record to support its position. Indeed, Defendant fails to explain how Plaintiff will have a different financial stake or why he would be incentivized to act in a manner that would be contrary to the benefit of the other Class Members. The Court sees nothing in the record to support the assertion that Plaintiff has any interest that is antagonistic to the other Class Members. Accordingly, the Court finds that Plaintiff is in fact an adequate Class Representative.

Finally, the Court is not persuaded by Defendant's arguments in opposition to appointing Mr. Hersh as Class Counsel. According to Defendant, Class Counsel has "failed to meet various case management deadlines." (Id. at 25-26). Defendant goes on to list a few instances where Mr. Hersh allegedly violated case management orders. (Id. at 26). However, none of these instances rebut the fact Mr. Hersh is well versed in class actions and/or FDCPA matters. As noted above, Mr. Hersh has listed a significant amount of experience such that he meets the requirements to be appointed as Class Counsel. Defendant cites to no, nor has this Court found any, case law that supports Defendant's position that a failure to comply with a case management order renders an

attorney incapable of serving as an adequate Class Counsel. Accordingly, the Court finds Mr. Hersh "qualified, experienced, and generally able to conduct the proposed litigation," and, therefore, appoints him as Class Counsel.

### E. Superiority

Having found all four requirements of Rule 23(a) satisfied, the Court turns its attention to Rule 23(b)(3), which requires "that a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The Rule provides the Court with four non-exclusive factors to aid in its superiority determination:

> (1) the interest of individual members of the class in individually controlling the prosecution of the action; (2) the extent of litigation commenced elsewhere by class members; (3) the desirability of concentrating claims in a given forum; and (4) the management difficulties likely to be encountered in pursuing the class action.

*Prudential I*, 962 F. Supp. at 522.

Here, since the financial harm to most of the Class Members is relatively small, very few individuals, if any, would have an interest or ability to pursue their own individual case. Along the same thought process, it is unlikely that the individual Class Members would have the resources to pursue successful litigation on their own, partly because the cost of litigating separate actions would be far more than the amount each individual Class Member would recover. Thus, the Court finds that a class action is a superior method of adjudicating the controversy.

### IV.     **CONCLUSION**

For the aforementioned reasons, Plaintiff's Motion for Class Certification is hereby granted. An appropriate Order, which includes the above espoused Class definition, accompanies this Opinion.

DATED: August 4, 2018

JOSE L. LINARES
Chief Judge, United States District Court